**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Application of<br><br>FOURWORLD EVENT OPPORTUNITIES, LP and GENESIS EMERGING MARKETS INVESTMENT COMPANY,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding | Case No. 1:22-mc-00185 (PGG) |

## MEMORANDUM OF LAW IN SUPPORT OF 58.COM, INC.'S MOTION TO INTERVENE AND FOR AN *INTER PARTES* BRIEFING SCHEDULE

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Timothy G. Nelson
James W. Brown
Aden D. Tedla
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for 58.com, Inc.*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

FACTUAL BACKGROUND ................................................................................................. 3

1.     58.com and the 2020 Transaction ......................................................................... 3

2.     The Cayman Islands Appraisal Proceeding .......................................................... 4

3.     This Section 1782 Proceeding ............................................................................... 4

ARGUMENT ......................................................................................................................... 5

I.     58.COM MAY INTERVENE AS OF RIGHT PURSUANT TO RULE 24(a) ................. 5

       A.     Standards Applicable to this Motion .......................................................... 5

       B.     58.com's Motion to Intervene is Timely ..................................................... 5

       C.     As the Counter-Party to the Cayman Islands Appraisal  Proceeding,
              58.com Has an Interest in This Action ....................................................... 6

       D.     58.com's Interests May be Impaired If It Cannot Intervene ...................... 7

       E.     Absent Intervention, 58.com's Interests Are Not Adequately Protected ... 7

II.    IN THE ALTERNATIVE, 58.COM MAY PERMISSIVELY  INTERVENE
       PURSUANT TO RULE 24(b) ......................................................................................... 8

III.   THE PRESENT APPLICATION SHOULD BE CONVERTED TO AN *INTER
       PARTES* MOTION ......................................................................................................... 9

CONCLUSION ..................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

## CASES

*335-7 LLC v. City of New York*,
  No. 20 Civ. 1053 (ER), 2020 WL 3100085 (S.D.N.Y. June 11, 2020) ..............................8

*99 Wall Development Inc. v. Allied World Specialty Insurance Company,*
  No. 18 Civ. 126 (RA), 2018 WL 11305562 (S.D.N.Y. Apr. 9, 2018)...........................5, 8

*In re Hornbeam Corp.*,
  No. 14 Misc. 424 (Part 1), 2015 WL 13647606 (S.D.N.Y. Sept. 17, 2015) ...............5, 6, 8

*In re Lake Holding & Fin. S.A.*,
  No. 20 MC 652 (RA) (KNF), 2021 WL 603293 (S.D.N.Y. Feb. 16, 2021).......................6

*In re Sarrio, S.A.,* 119 F.3d 143 (2d Cir. 1997) ...............................................................6

*Kamdem-Ouaffo v. Pepsico, Inc.*,
  314 F.R.D. 130 (S.D.N.Y. 2016) ...............................................................................6

*Louis Berger Grp., Inc. v. State Bank of India*,
  802 F. Supp. 2d 482 (S.D.N.Y. 2011)..........................................................................8

*Trbovich v. United Mine Workers of America,*
  404 U.S. 528 (1972)....................................................................................................7

*Uniformed Fire Officers Ass'n v. DeBlasio*,
  No. 20 Civ. 5441 (KPF), 2020 WL 9211174 (S.D.N.Y. Aug. 25, 2020) ..........................8

*In re WinNet R CJSC*,
  No. 16MC484(DLC), 2017 WL 1373918 (S.D.N.Y. Apr. 13, 2017).................................2

## STATUTES

28 U.S.C. § 1782................................................................................................ *passim*

## RULES

Fed. R. Civ. P. 24 ......................................................................................................5-9

58.com, Inc. ("58.com") respectfully submits this Memorandum in support of its motion to intervene in this proceeding and for directions on an *inter partes* briefing schedule.

## PRELIMINARY STATEMENT

By an *ex parte* application filed only days ago (July 19, 2022), Petitioners FourWorld Event Opportunities, LP and Genesis Emerging Markets Investment Company, two arbitrage funds, seek discovery from two respondents – Fenwick & West LLP ("Fenwick"), and Morrow Sodali International LLC ("Morrow Sodali") – purportedly for use in a proceeding before the Grand Court of the Cayman Islands (the "Cayman Islands Appraisal Proceeding"; the "Grand Court").  That proceeding, which was commenced by 58.com in late 2020 pursuant to Cayman Islands company law, concerns the value to be ascribed to shares in 58.com held by Petitioners when 58.com went private in 2020.

Petitioners endeavor to present their application as a routine "Section 1782" application, a proper candidate for *ex parte* adjudication, with no complicating or extenuating factors that would give the Court pause before issuing the *pro forma* order proffered by Petitioners' counsel.  Their supporting affidavits make a perfunctory description of the "status" of the case (referring to a single Directions Order issued by the Grand Court), and their Memorandum of Law makes an (exceedingly brief) mention of other "Section 1782" applications made by Petitioners to date.  The fact that the principal target of the current brief is a law firm (Fenwick) that gave advice to a special committee comprised of independent directors of the Proposed Intervenor 58.com – Petitioners' current opponent in the instant lawsuit before the Grand Court – in order to advise 58.com on the take private transaction, is given only superficial treatment.

In actuality – but not revealed to the Court in the *ex parte* application:

• there currently is pending before the Grand Court an application for anti-suit relief concerning aspects of Petitioners' prior Section 1782 applications, including its improper

1

efforts to obtain from Section 1782 subpoena targets documents *already* produced by 58.com in the Cayman Islands Appraisal Proceeding.

- in the same anti-suit application, 58.com is seeking specific directions to prevent Petitioners from litigating, in the context of Section 1782 proceedings, *any* issue concerning whether 58.com is entitled to claim attorney-client privilege in a communication – including with Fenwick (that issue being one that is more appropriately determined by the Grand Court pursuant to Cayman Islands law).

- in the course of the May 2022 hearing on the anti-suit application, the Petitioners by way of their counsel undertook not to ask any United States Court to rule on any issue that cuts across Cayman Islands privilege:

  > "MRS JUSTICE RAMSAY-HALE [Grand Court judge]:  I would take an undertaking not to do it. Just don't do it.  Just don't do it.  I will take your undertaking, don't do it. Just don't do it.

  > MR ADKIN QC [Petitioners' Cayman Islands counsel]: Exactly, we won't do it.  Until your Ladyship has – either until we have agreed this or your Ladyship has ruled on it, we are not going to ask an American court to make a ruling on Cayman privilege issues."

  > (ECF No. 10 (Tedla Decl.), Ex. 1 (Grand Court of the Cayman Islands, May 2022 Hearing Transcript: Day 3, at 120).

- Further, the Petitioners themselves *agreed in principle* that *only* the Cayman Islands court should determine issues of privilege, and agreed to enter into a consent order to preserve this position.

- in one of Petitioners' other Section 1782 proceedings (currently pending in the District of Columbia), the proceedings have been stayed *by consent* pending the outcome of the anti-suit application.

- separately, Petitioners themselves have now put before the Cayman Court an application seeking to invalidate any claim of privilege by 58.com in respect of the subject take private transaction.

Given that *ex parte* applications are subject to special obligations of candor, all of these matters should have been disclosed fully to the Court in the moving papers.[1]

---

[1]     58.com reserves its right to argue that these omission invalidate the application in its entirety. *See In re WinNet R CJSC*, No. 16MC484(DLC), 2017 WL 1373918, at *6 (S.D.N.Y. Apr. 13, 2017) ("if a § 1782 application is made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials, the court is free to deny the application in toto") (citing *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) (internal citation omitted)).

Against that background, 58.com submits, first, that it has a proper basis for intervening and, second, that the current *ex parte* application should be converted to an *inter partes* motion, so that the Court has all relevant facts before it before making any order.

58.com further submits that, if the matter were permitted to continue as an *ex parte* application, the result of this (an order from the Court directing discovery against Fenwick in particular) may have a disruptive effect both on the pending anti-suit application in the Grand Court as well as the negotiations currently pending between Petitioners and 58.com.

Accordingly, good cause exists for allowing 58.com to intervene, and for directing that the current application be heard *inter partes.*

## FACTUAL BACKGROUND

1. **58.com and the 2020 Transaction**

Founded in 2005, 58.com is a privately-held company incorporated in the Cayman Islands with its principal place of business in China.  It is China's largest online classifieds marketplace, and until September 2020, was a publicly-traded company whose American Depository Shares ("ADSs") began trading on the New York Stock Exchange in 2013.[2]

On June 15, 2020, 58.com announced that it had entered into a merger agreement through which it would be acquired and taken private by a consortium of investors (the "2020 Transaction"; *see* ECF No. 4 (Kish Decl.) ¶ 19).  On September 7, 2020, 58.com held an extraordinary general

---

[2]    These facts are acknowledged by Petitioners' counsel.  (ECF No. 4 (Kish Decl.) ¶¶ 14-15).  Save as regards those aspects of the Dissenters' factual submissions that either quote 58.com's public statements or reference matters of public record, however, no admissions are made as to Petitioners' factual contentions in this proceeding.

meeting[3] during which the merger was approved.  (*Id.* ¶ 28).  As a result, 58.com is now a privately held company.  (*Id.* ¶ 30).

2.      **The Cayman Islands Appraisal Proceeding**

As to the shareholders who filed the requisite written objections to the merger, Cayman Islands law (specifically, Section 238 of the Cayman Islands Companies Act) allows such shareholders to obtain a judicial appraisal of the fair value of their shares at the time of the merger. Thus, on November 10, 2020, 58.com filed proceedings in the Grand Court of the Cayman Islands (*i.e.*, the Cayman Islands Appraisal Proceeding) to determine the fair value of such dissenting shareholders' shares.  (ECF No. 4 (Kish Decl.) ¶  32).

The Petitioners in this Section 1782 action are:

- FourWorld Event Opportunities LP, a company based in the Cayman Islands (Kish Decl. Ex. A at 8, item 19); and

- Genesis Emerging Markets Investment Company, a company apparently based in Guernsey or Luxembourg (*Id.* at 8-9, item 24).[4]

Both Petitioners were shareholders of 58.com prior to the 2020 Transaction (ECF No. 4 (Kish Decl.) ¶¶ 11-12), and issued written objections as well as notices of dissent from the merger (*Id.* ¶ 31).  As such, in the Cayman Islands Appraisal Proceeding, Petitioners (along with other dissenting shareholders) contend that their shares have a value greater than the agreed merger price.  (*Id.* ¶¶ 34-35).

3.      **This Section 1782 Proceeding**

---

[3]     58.Com Press Release, "*58.com Announces Shareholders' Approval of Merger Agreement*," Sept. 7, 2020, *available at*  https://www.prnewswire.com/news-releases/58com-announces-shareholders-approval-of-merger-agreement-301125004.html.

[4]     The records available to 58.com, at the time the Cayman Islands Appraisal Proceeding was filed, indicated that "Genesis Emerging Markets Investment Company SICAV" was a shareholder incorporated in Luxembourg.  The suffix "SICAV," however, is missing from the caption in this action.

On July 19, 2022, Petitioners commenced the present action on an *ex parte* basis (ECF No. 1 (Petitioners' *Ex Parte* Application)), seeking documentary and testimonial discovery from Respondents.  Fenwick served as legal counsel for the Special Committee of independent members of the 58.com Board of Directors tasked with considering the Merger  (ECF No. 4 (Kish Decl.) ¶ 8), and Morrow Sodali – a shareholder engagement and governance consulting firm – served as the proxy solicitor for 58.com in the Merger. (*Id.*).

## ARGUMENT

## I. 58.COM MAY INTERVENE AS OF RIGHT PURSUANT TO RULE 24(a)

### A. Standards Applicable to this Motion

Federal Rule of Civil Procedure 24(a) authorizes intervention as of right where the proposed intervenor: (1) timely files an application; (2) shows an interest in the action; (3) demonstrates a risk that its interest may be impaired by the disposition of the action; and (4) shows that its interest is not protected adequately by the existing parties to the suit. *See In re Hornbeam Corp.*, No. 14 Misc. 424, 2015 WL 13647606, at *2 (S.D.N.Y. Sept. 17, 2015) (allowing intervention to challenge Section 1782 discovery) (citing *United States v. City of New York*, 198 F.3d 360, 364 (2d Cir. 1999)); *accord 99 Wall Dev. Inc. v. Allied World Specialty Ins.*, No. 18 Civ. 126 (RA), 2018 WL 11305562, at *1 (S.D.N.Y. Apr. 9, 2018) (citing *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128-29 (2d Cir. 2001)).  58.com satisfies each of those elements, and therefore is entitled to intervene as of right.

### B. 58.com's Motion to Intervene is Timely

In determining whether a motion to intervene is timely, New York courts consider four factors: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the

motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness. *See Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016) (citing *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)). However, individual factors are not dispositive. Rather, timeliness must be "evaluated against the totality of the circumstances before the court." *Id.* (citing *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001)).

The current application was commenced on July 19, 2022, only days ago and came to 58.com's attention two calendar days ago. Accordingly, 58.com's intervention at this stage is timely and appropriate.

### C.     As the Counter-Party to the Cayman Islands Appraisal Proceeding, 58.com Has an Interest in This Action

58.com has a "direct interest" in the subject matter of this case, as the subpoenas seek, among other things, confidential communications with 58.com's Special Committee, and proprietary and confidential information about 58.com's valuation, to be used against 58.com in the Cayman Islands Appraisal Proceeding. *See In re Lake Holding & Fin. S.A.*, No. 20 MC 652 (RA) (KNF), 2021 WL 603293, at *3 (S.D.N.Y. Feb. 16, 2021) (finding that proposed intervenors identified by name in the petition had a direct interest, as the subpoenas sought confidential and proprietary information concerning them).

Courts have recognized that the party against whom Section 1782 discovery is sought may have standing to intervene in the Section 1782 proceeding to protect its interests. *E.g., In re Sarrio, S.A.,* 119 F.3d 143, 148 (2d Cir. 1997); *Hornbeam*, 2015 WL 13647606, at *2.

Furthermore, one of the two targets (Fenwick) was counsel to a committee of 58.com's board in the subject transaction. As such, 58.com has a "significantly protectable" interest relating to the property or transaction that is the subject of this case, including as to its claims of privilege

6

in Fenwick's files, as well as in the proxy solicitation process, which potentially calls for production of proprietary and confidential information about 58.com's operations.

**D.      58.com's Interests May be Impaired If It Cannot Intervene**

Petitioners seek documents and testimony from Respondents for use against 58.com in the Cayman Islands Appraisal Proceeding, where Petitioners allege that their shares were undervalued. Petitioners claim that they are seeking to use the information they may gather from the Respondents in order to assist the dissenting shareholders' expert in determining the fair value of the shares.

58.com's interests are affected by this proceeding such that the inability to intervene will potentially prejudice its interests. Most obviously, the production of privileged information would prejudice 58.com.  In other respects,[5] Petitioners seek a wide variety of files and testimony from Respondents,[6] purportedly in order to aid in determining the fair value of their shares.  This will potentially require Respondents to produce very sensitive information sourced from 58.com. Unless 58.com can be made a direct party to a protective order issued by this court, 58.com's interests will be impaired.

**E.      Absent Intervention, 58.com's Interests Are Not Adequately Protected**

A proposed intervenor's interests are not adequately protected "if the applicant shows that representation of his interest '***may be***' inadequate; and the burden of making that showing should be treated as minimal."  *Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 538 n.10 (1972) (emphasis added).

---

[5]     Depending on the future course of this proceeding, 58.com's interests may be impacted in different respects and 58.com therefore reserves the right to supplement the above description, as necessary, as the case evolves.

[6]     58.com reserves all rights as to the admissibility of any deposition transcript, or deposition exhibits, in the Appraisal Proceeding.

Here, Respondents (who are not directly party to the Cayman Islands Appraisal Proceeding) are not necessarily capable of representing 58.com's interests in their totality, since only 58.com itself can fully appreciate and protect such interests.

For the foregoing reasons, 58.com has satisfied all elements of Rule 24(a)(2), and therefore should be allowed to intervene as of right.

## II. IN THE ALTERNATIVE, 58.COM MAY PERMISSIVELY INTERVENE PURSUANT TO RULE 24(b)

Federal Rule of Civil Procedure 24(b)(1)(B) permits intervention by a party who timely moves and "'has a claim or defense that shares with the main action a common question of law or fact.'"  *See Uniformed Fire Officers Ass'n v. DeBlasio*, No. 20 Civ. 5441 (KPF), 2020 WL 9211174, at *1 (S.D.N.Y. Aug. 25, 2020); *accord Louis Berger Grp., Inc. v. State Bank of India*, 802 F. Supp. 2d 482, at 9 (S.D.N.Y. 2011) (same); *335-7 LLC v. City of New York*, No. 20 Civ. 1053 (ER), 2020 WL 3100085, at *2 (S.D.N.Y. June 11, 2020) (same); *99 Wall Dev.*, 2018 WL 11305562, at 1.

This Court enjoys broad discretion to determine whether an applicant is entitled to permissive intervention under this rule.  *See, e.g., Hornbeam*, 2015 WL 13647606, at *2 (discussing its broad discretion to determine whether an applicant is entitled to permissive intervention); *see also 335-7 LLC*, 2020 WL 3100085, at *3 ("A district court's discretion under Rule 24(b) is 'broad.'") (internal citations omitted); *Louis Berger*, 802 F. Supp. 2d 482 at 9 (same).

While the test for permissive intervention begins with a similar analysis as intervention as of right, the Court may also consider "whether the proposed intervention will unduly delay or prejudice the adjudication of the parties' rights." *Hornbeam*, 2015 WL 13647606, at *2 (citations omitted).

8

Here, 58.com's motion is timely and will not occasion any delay or prejudice, as discovery under the subpoenas has not yet occurred.

Furthermore, given that the proposed discovery implicates privilege concerns, as well as 58.com's confidential and proprietary information, allowing 58.com to intervene will contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

Accordingly, should the Court not find that 58.com can intervene as a matter of right, intervention still should be granted in the Court's broad discretion in the interests of complete justice.

## III.    THE PRESENT APPLICATION SHOULD BE CONVERTED TO AN *INTER PARTES* MOTION

The present *ex parte* application seeks to characterize the Section 1782 application as routine and in line with other prior cases involving Cayman litigation. Yet little is said about the current status of the litigation. Its supporting declarations acknowledge that the case before the Grand Court has been subject to a "Directions Order" issued in 2020 (ECF No. 3 (Loft Decl.) ¶ 10, Ex. 8) and that factual evidence is due on November 23, 2022.  (ECF No. 4 (Kish Decl.) ¶ 41). And although the application acknowledges that (as regards Fenwick) there will be privilege issues, all of this is presented in bland terms, as if any issue surrounding privilege can be solved via a privilege log.

In fact, Petitioners omit that the issue of privilege has been extensively discussed in the context of a pending anti-suit injunction in the Grand Court of the Cayman Islands.  Although the anti-suit application immediately stems from a parallel Section 1782 action in the District of Columbia against Robert F. Dodds, Jr., a former director of 58.com, the application also seeks an

order that will ensure that *any* claims of privilege in *any* of the then-pending Section 1782 applications in the United States will be litigated exclusively before the Grand Court.

Petitioners also fail to disclose that when this issue was argued to the judge in the Grand Court during a May 25 – 27, 2022 hearing, Petitioners' own counsel indicated that Petitioners would agree to such an order – and that the parties have since been negotiating a consent order to this effect.[7]

Furthermore, the Grand Court has expressed the provisional view that it would be improper for the Petitioners to seek, from a target resident in the United States, documents that essentially replicate a production that 58.com has already made in the context of ordinary documentary discovery in the Cayman Appraisal Proceeding.  This is directly relevant to the current case because many Fenwick documents have *already* been produced in discovery and Petitioners have not alleged any inadequacy in the Cayman Islands Proceedings in relation to the Company's disclosure in respect of Fenwick documents.[8]

Petitioners also have failed to disclose that the litigation in the District of Columbia has been stayed, *by consent*, pending the outcome of the anti-suit application.  The parties have since been endeavoring to negotiate within the parameters expressed by the Grand Court.  If the parties cannot reach agreement, then the Grand Court will be able to resolve any points of dispute.

All of these issues have a bearing on this Court's determination of the Petitioners' application and, in 58.com's submission, should be fully briefed.  Indeed, given that the Grand

---

[7]  All of this can be explained further to this Court via affidavit and briefing.  The current brief necessarily does not cover all points of opposition to the application.

[8]  Against that background, Petitioners' suggestion that it has enjoyed an unbroken string of "wins" in Section 1782 cases in this and other districts (ECF No. 2, (Petitioners' Brief) at 18) is misleading.  At the appropriate time, 58.com can and will explain to this Court the actual status of other Section 1782 applications concerning the Cayman Appraisal Action.

Court is *sub judice* on a number of key issues bearing directly on the current application, it would be potentially disruptive for any *ex parte* order to be granted at this stage.

58.com therefore requests that the current application be converted to an ordinary motion to be determined after briefing is received from 58.com and the subpoena targets.

## **CONCLUSION**

For the foregoing reasons, 58.com respectfully requests an order granting intervention and further directing that the current application be heard *inter partes.*

Dated: July 24, 2022
       New York, New York

                                        Respectfully submitted,

                                         /s/ Timothy G. Nelson
                                        Timothy G. Nelson
                                        James W. Brown
                                        Aden D. Tedla

                                        SKADDEN, ARPS, SLATE,
                                          MEAGHER & FLOM LLP
                                        One Manhattan West
                                        New York, New York 10001-8602
                                        Telephone: (212) 735-3000
                                        Facsimile: (212) 735-2000
                                        E-Mail:
                                                timothy.g.nelson@skadden.com
                                                james.brown@skadden.com
                                                aden.tedla@skadden.com

                                        *Attorneys for 58.com, Inc.*

11